**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: ) | Chapter 7 |
| ) | |
| WBE, LLC, et. Al, f/k/a ) | Case No. 09-10649 (MFW) |
| EVERYTHING BUT WATER, LLC, et ) | |
| al., ) | (Jointly Administered) |
| ) | |
| Debtors, ) | |
| ) | |
| _____ ) | |
| ) | |
| MONTAGUE S. CLAYBROOK, ) | |
| Chapter 7 Trustee for WBE, ) | |
| LLC, et al., f/k/a EVERYTHING ) | |
| BUT WATER, LLC, et al., ) | |
| TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Adv. No. 11-50598 (MFW) |
| ) | |
| BEAR GROWTH CAPITAL PARTNERS, ) | |
| LP, f/k/a BEAR GROWTH CAPITAL ) | |
| PARTNERS, LLC, BEAR STERANS ) | |
| MERCHANT BANKING, LLC, JDH ) | |
| MANAGEMENT LLC d/b/a IRVING ) | |
| PLACE CAPITAL f/k/a BEAR ) | |
| STEARNS MERCHANT BANKING, ) | |
| LLC, J.P. MORGAN CLEARING CORP. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**MEMORANDUM OPINION**[1]

In its Motion to Dismiss, JDH Management ("JDH") asserts that the Trustee's Complaint fails to state a claim because it inaccurately describes JDH's affiliation with Bear Stearns

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052(a)(3) of the Federal Rules of Bankruptcy Procedure.

Merchant Banking ("BSMB") and fails to meet the pleading requirements for preferential and fraudulent transfers by not stating who received the transfers. The Court agrees and accordingly will grant JDH's Motion to Dismiss. The Court will, however, allow the Trustee leave to amend the Complaint for the reasons set forth below.

I.   BACKGROUND

Everything But Water, LLC ("EBW") was a women's swimsuit designer and retailer that provided swimwear accessories, online shopping, special orders, and other client services.

In April 2006, EBW was acquired by EBW Holdco, LLC ("EBW Holdco") which is owned by Bear Growth Capital Partners, L.P. ("Bear Growth"), an affiliate of BSMB.

EBW and its affiliates (collectively the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code on February 25, 2009. On March 19, 2009, the Court entered a final order approving debtor-in-possession financing (the "Final DIP Order"). Subsequently, the Court approved the sale of a majority of the Debtors' assets to Orlando Bathing Suit (the "Buyer").

On July 30, 2009, the Court converted the case to a case under chapter 7 of the Bankruptcy Code and Montague Claybrook was appointed trustee (the "Trustee").

On February 8, 2011, the Trustee filed an adversary proceeding (the "Complaint") against Bear Growth, BSMB, J.P. Morgan Securities, LLC, as successor to Bear Stearns & Co., Inc., and J.P. Morgan Clearing Corp., as successor to Bear Securities Corp. (collectively "Bear Growth Defendants"). The Complaint also asserted claims against JDH for preferential and fraudulent transfers under the Bankruptcy Code ("Count One"), fraudulent transfers under New York state Law ("Count Two"), and recovery of such transfers pursuant to section 550 of the Bankruptcy Code ("Count Three")

In response, the Bear Growth Defendants and JDH filed Motions to Dismiss the Complaint under Rule 12(b)(6) of the Rules of Civil Procedure for failure to state a claim for which relief can be granted. The Bear Growth Defendants withdrew their Motion to Dismiss. JDH still contends that the Trustee's Complaint fails to state a claim as to JDH. The Motion has been fully briefed and the matter is ripe for decision.

II. <u>JURISDICTION</u>

This Court has jurisdiction over this adversary proceeding. 28 U.S.C. §§ 1334(b), 157(a). This matter is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (F) & (O).

III. <u>DISCUSSION</u>

   A.  <u>Rule 12(b)(6) Standard</u>

Rule 7012(b) of the Federal Rules of Bankruptcy Procedure incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure in adversary proceedings.

A Rule 12(b)(6) motion tests the sufficiency of the factual allegations in the plaintiff's complaint. <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). To survive a motion to dismiss, a complaint must contain more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true 'to state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Determining whether a complaint is facially plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> at 1950.

The Third Circuit instructs courts to "conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court must accept all of the

complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Based solely on the facts, the reviewing court must then determine whether the plaintiff has "nudged [its] claims . . . 'across the line from conceivable to plausible.'" Id. at 212 (quoting Twombly, 550 U.S. at 570).

    B.    JDH's Motion to Dismiss

JDH contends that the Trustee's claim must be dismissed for failure to state a claim because JDH had no affiliation with BSMB or the Bear Growth Defendants. Further, JDH argues that the Trustee's Complaint must be dismissed because it does not meet the pleading requirements for preferential or fraudulent transfers.

        1.    JDH's affiliation with BSMB

As an initial matter, JDH's Motion to Dismiss asserts that the Complaint incorrectly alleges that JDH was formerly known as BSMB. In support, JDH presents a Certification of Cancellation of BSMB to show that BSMB dissolved on February 23, 2011. (D.I. # 7 at Ex. B.) JDH argues that it was impossible for it to receive any of the transfers because it had no affiliation with BSMB at the time it dissolved, or with any of the Bear Growth Defendants.

The Trustee states that the dissolution of BSMB occurred after the Complaint was filed on February 8, 2011, and thus is

not relevant to its Complaint.  Further, the Trustee asserts that limited liability companies may not dissolve to avoid liability in legal actions.  See Del. Code. Ann. tit. 6, § 18-804(b)(2) (stating in part that a limited liability company will make a provision to provide compensation for any pending litigation to which the company is a party).

It is well-settled that the Court must accept the Trustee's well-pled facts as true.  Twombly, 550 U.S. at 572 (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002)).  See also Fowler, 578 F.3d at 210-11 (concluding that the court must accept all of the complaint's well-pleaded facts).  Although JDH argues that it had no corporate affiliation with BSMB, the Court concludes that at the pleading stage it must accept the Trustee's allegations that JDH was affiliated with BSMB.

### 2.   Preferential transfers

JDH argues that the Trustee's Complaint fails to meet the pleading requirements for preferential transfers.  To survive a motion to dismiss a claim for avoidance of a preferential transfer, the Plaintiff must plead the following: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer."  In re Valley Media, Inc., 288 B.R. 189, 192 (Bankr. D. Del. 2003) (quoting

Posman v. Bankers Trust Co., Adv. Pro. No. 97-245, 1999 WL 33742299, at *2 (Bankr. D. Del. July 28, 1999)).

JDH asserts that the Trustee does not plead sufficient facts to give JDH fair notice of the Trustee's claims, because the Trustee fails to identify the transferee for any of the preferential transfers sought to be avoided.

According to the Trustee's Complaint, on May 1, 2006, Bear Growth and Holdco entered into an Amended and Restated Professional Services Agreement (the "Amended Agreement").  The Amended Agreement stated that Bear Growth would provide services to EBW Holdco in exchange for payment of fees.  The Trustee alleges that EBW Holdco caused EBW to transfer a total of $1,774,750.30 to one or more of the Bear Growth Defendants and/or JDH between 2006 and 2008.  (Compl. ¶ 47.)  The Trustee contends that JDH may have received one or more of these transfers as a successor to BSMB.  Paragraph 31 of the Complaint states that "[t]he Transfers were made, or caused to be made, for on or account of one or more antecedent debts owed by EBW to one or more of the Defendants."  The Trustee alleges that the primary beneficiary of the services was EBW Holdco, despite the fact that EBW was making the payments.

The Trustee argues that at this point in the pleading stage, if factual allegations between JDH and the Trustee conflict, the Court must accept the Trustee's allegations as true

and the Motion to Dismiss must be denied.  <u>Twombly</u>, 550 U.S. at 572 (quoting <u>Swierkiewicz</u>, 534 U.S. at 508); <u>Fowler</u>, 578 F.3d at 210-11 (concluding that the court must accept all of the complaint's well-pleaded facts).

The Court concludes that the Trustee's Complaint is deficient because it contains no information regarding who received any of the transfers.  <u>Valley Media</u>, 288 B.R. at 192. <u>Cf.</u> <u>In re DVI</u>, No. 08-50248, 2008 WL 4239120, at *4-5 (Sept. 16, 2008) (concluding that the Trustee failed to meet pleading requirements for avoidance of preferential transfers by not identifying the exact transfer); <u>In re TWA</u>, 305 B.R. at 232-33 (same); <u>Posman</u>, 1999 WL 33742299, at *2 (concluding that complaint for avoidance of preferential transfers was deficient in failing to identify the transferor).  While the Trustee lists the transfer dates and amounts, the Trustee admits in the Complaint that the recipient of the transfers may be any one of the Bear Growth Defendants or JDH.  (Compl. ¶ 47 (stating "Holdco caused EBW to transfer, to or for the benefit of one or more of the Defendants in the form of one or more payments of monies . . . .").)

The Court concludes that the Trustee does not meet the pleading requirements for preferential transfers because the Complaint does not give JDH sufficient notice to determine which transfers are sought to be avoided as to JDH.  <u>Valley Media</u>, 288 at 192.

8

### 3. Fraudulent transfers

JDH further contends that the Trustee did not plead his count for avoidance of fraudulent transfers with the required particularity. The Third Circuit has stated that a plaintiff must identify the date, place, and time of the alleged fraudulent transfer to survive a motion to dismiss. Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984). Courts are generally liberal with pleading requirements when a third party trustee is the one bringing the complaint. In re The Brown Schs., 368 B.R. 394, 399 (Bankr. D. Del. 2007) (quoting In re Am. Bus. Fin. Servs., Inc., 361 B.R. 747, 753-54 (Bankr. D. Del. 2007)).

Although the Trustee's pleading requirements are eased because he was not involved in the transfers, the Trustee is still required to plead his claim for avoidance of a fraudulent transfer with sufficient particularity to put JDH on notice of what the claim is against JDH. Cf. DVI, 2008 WL 4239120, at *8-9 (concluding that the Trustee's complaint properly identified separate transfers with sufficient detail to put the defendant on notice including name, date, amount, circumstances, and transferee).

The Court finds that in this case the Trustee's Complaint fails to plead properly a claim for avoidance of fraudulent transfers for the same reason mentioned in the previous analysis of preferential transfers. The Trustee lists the date, name,

9

amount, and transferor of the alleged transfers, but fails to identify who received any of the transfers, stating only that it may have been any one of the Bear Growth Defendants or JDH. (Compl. at ¶¶ 36 & 38.)  In order to properly assert a claim, the Trustee must identify which transfers were received by JDH to notify it properly of the alleged fraudulent transfers sought to be recovered from JDH.  Brown Schs., 368 B.R. at 403.

The Complaint also alleges a claim for avoidance of fraudulent transfers under the New York Fraudulent Conveyance Act, which has similar requirements to the Bankruptcy Code.  See N.Y. Debt. & Cred. ¶¶ 270-281 (2010); Charys, 2010 WL 2774852, at *5 (concluding that the New York Fraudulent Conveyance Act is similar to §548(a)(1)(A) and analyzing the claim under those requirements).  Therefore, the Court concludes that the Trustee has failed to state a claim under the New York Fraudulent Conveyance Act, as well.

    4.   Recovery of avoided transfers

Count Three of the Complaint seeks to recover avoided transfers pursuant to section 550(a).[2]  Because the Court is granting the Motion to Dismiss the claims under sections 547 and

---

[2] 550(a) states: "[e]xcept as otherwise provided in this section, to the extent that a transfer is avoided under section 544,. . . [or] 548 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred . . . from (1) the initial transferor of such transfer of the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferor of such initial transferee." 11 U.S.C. § 550(a).

548 and the New York Fraudulent Conveyance Act, the claim for recovery of the transfers under section 550(a) must be dismissed. In re USDigital, Inc., 443 B.R. 22, 40 (Bankr. D. Del. 2011); Charys, 2010 WL 2774852, at *8.

The Court will grant JDH's Motion to Dismiss all Counts of the Trustee's Complaint as to JDH. The Court will, however, allow the Trustee leave to amend the Complaint to provide sufficient allegations. Fed. R. Civ. P. 15(a) ("[A] party may amend the party's pleading . . . by leave of court . . . and leave shall be freely given when justice so requires."). Specifically, the Trustee must plead facts to support its assertion that Defendant JDH received any of the transfers from EBW.

IV.  CONCLUSION

For the reasons set forth above, the Court will grant the Defendant's Motion to Dismiss the Complaint in the instant adversary proceeding. This dismissal is without prejudice to the Trustee filing an amended complaint which adequately pleads facts to support his claims.

An appropriate order is attached.

Dated:  June 30, 2011          BY THE COURT:

                               *Mary F. Walrath*

                               Mary F. Walrath
                               United States Bankruptcy Judge